**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4767

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY PAUL HADSELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:15-cr-00116-AWA-RJK-1)

Submitted:  June 22, 2017                          Decided:  June 26, 2017

Before GREGORY, Chief Judge, and FLOYD and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jason A. Dunn, JASON A. DUNN, PLC, Virginia Beach, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Andrew Bosse, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Wesley Paul Hadsell pled guilty to possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Prior to sentencing, Hadsell objected to the probation officer's recommendation that he be sentenced as an armed career criminal based, in part, on his prior Virginia conviction for statutory burglary. The district court acknowledged that Virginia statutory burglary is broader on its face than generic burglary as defined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 602 (1990). However, the district court determined that the statute at issue was divisible and applied the modified categorical approach to conclude that the elements of generic burglary were proven in Hadsell's case. Accordingly, the district court found that Hadsell's Virginia conviction for statutory burglary constituted a "violent felony" and was a proper predicate conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). The district court sentenced Hadsell to serve a term of 240 months' imprisonment.

On appeal, Hadsell challenges only the district court's determination that his Virginia conviction qualifies as an enumerated "violent felony" under the ACCA. Hadsell preserved this issue in the district court and, therefore, "we review de novo the question whether his prior state conviction[] qualified as [a] predicate felony conviction[] for purposes of a federal sentence enhancement." *United States v. Gardner*, 823 F.3d 793, 801 (4th Cir. 2016) (internal quotation marks omitted).

We recently decided, subsequent to the district court's ruling, first, that the Virginia burglary statute at issue here is indivisible and, therefore, not subject to

2

application of the modified categorical approach, and second, that under the categorical approach, the statute is broader than the generic offense of burglary. *See Castendet-Lewis v. Sessions*, 855 F.3d 253, 261-64 (4th Cir. 2017). In light of that decision, we conclude that Hadsell's prior Virginia statutory burglary conviction does not qualify as the ACCA-enumerated offense of "burglary." Accordingly, we vacate Hadsell's sentence and remand the matter to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*